Carole ARUM, Plaintiff–Appellant,

v.

Richard MILLER, Defendant–Cross–
Defendant–Appellee,

John Klesserath, Police Officer; John
Wheeler, Police Officer; Ralph Hoff-
man, Sergeant; David M. Ohayon,
Detective; County of Nassau Police
Department; County of Nassau, De-
fendants–Cross–Claimants–Appellees,

Board of Education of Syosset School
District; Dr. Streitman; Syosset Cen-
tral School district, Defendants–
Cross–Defendants.

No. 04–6184.

United States Court of Appeals,
Second Circuit.

Dec. 16, 2005.

Carole Arum, Syosset, New York, for Appellant, pro se.

A. Kathleen Tomlinson, Meredith W. Germain, Farrell Fritz, P.C., Uniondale, NY; Scott M. Karson, Sharon N. Berlin, Lamb & Barnosky LLP, Melville, NY, for Appellee Miller.

Lorna B. Goodman, County Attorney of Nassau County; Gerald R. Podlesak, Deputy County Attorney, Mineola, NY, for Appellees Klesserath, Wheeler, and Ohayon.

Present: RICHARD J. CARDAMONE, ROSEMARY S. POOLER, and SONIA SOTOMAYOR, Circuit Judges.

**CORRECTED SUMMARY ORDER**

Carole Arum appeals from the judgment of the district court—entered after a jury verdict—dismissing her complaint, in which she alleged defendants had committed various civil rights violations and state law torts. We assume the parties' familiarity with the facts, procedural history, and specification of appellate issues, and hold as follows.

Arum alleges that the district court made a large number of evidentiary errors. "We review a district court's evidentiary rulings for abuse of discretion, and will reverse only if an erroneous ruling affected a party's substantial rights." *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir.2005). After reviewing each of Arum's claims, we conclude that the claimed errors, if they were indeed errors, could not have prejudiced her because they would not have affected the outcome of the trial. *See id.* They therefore did not affect her substantial rights. *See id.*

■ Arum also argues that reversal is required because the district court did not provide the entire record to this court. This argument fails, in part, because Arum had the sole responsibility to ensure that the record on appeal was complete. Fed. R.App. P. 11(a), 10(b).

■ The district court properly dismissed Arum's claims against Detective David M. Ohayon because Arum failed to offer any evidence that Ohayon acted with malice in filing charges against Arum. *See Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir.2003). Although Arum appears to argue that defendants did not move for this relief, the record is to the contrary. Finally, Arum contends that the district court erred by failing to include Ohayon in

the judgment. Any such mistake could not have prejudiced Arum, whose claims against Ohayon had been dismissed.

 Arum also claims several errors in the district court's charge. However, she objected to no part of this charge and, indeed, indicated that it was "great." Arum thus waived any objection to the charge, and we can reach the claimed errors only if they constitute fundamental error. *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 56–57, 62 (2d Cir.2002). There was no fundamental error in any of the charges to which Arum now objects. To the extent that she argues that the court was required to hold a charge conference prior to trial, she cites no authority to support this proposition, and we have found none.

 Arum's claim that the district court improperly stopped her from making an assertion during her opening statement and made objections for the defendants during trial lacks merit because the district court "has an active responsibility to insure that issues are clearly presented to the jury." *United States v. Pisani*, 773 F.2d 397, 403 (2d Cir.1985). Each of Judge Hurley's interjections served this end.

 Although Arum now objects to the bifurcation of the trial, she agreed to the bifurcation after the district court clearly explained the concept to her and does not now articulate any prejudice from the bifurcation. Her current objection is therefore frivolous.

 In a similar fashion, Arum now argues that the district court should have excused one juror after that juror had a brief conversation, which did not touch on the merits of the case, with a defense attorney, although at trial she agreed that a warning to the jurors not to have contact with any of the attorneys or with the court would suffice. Not every improper contact by a juror with court personnel or attorneys denies the parties a fair trial. *See Manley v. Ambase Corp.*, 337 F.3d 237, 251 (2d Cir.2003). In this case, the trial court did not abuse its discretion by retaining the juror who had spoken with defense counsel because there was no indication that defense counsel conveyed any information about the case to the juror or that the juror attempted to learn any such information. Further, Arum did not object to the retention of the juror.

Finally, we have reviewed the comment by the court that Arum characterizes as "degrading" and find that it cannot reasonably be characterized as related to Arum or as degrading. We have reviewed Arum's additional claims of error, find that they lack merit, and therefore affirm. We deny any remaining motions as moot.